## THIRD DEPARTMENT, SEPTEMBER, 1979

### (September 5, 1979)

◼ In the Matter of JUNE F. O'NEILL, Respondent, v BOARD OF ELECTIONS OF ST. LAWRENCE COUNTY, Respondent, and WILLIAM H. POWER, JR., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 21, 1979 in St. Lawrence County, which granted petitioner's application, in a proceeding under section 16-102 of the Election Law, seeking to invalidate a designating petition designating appellant as a

candidate of the Republican Party for the office of District Attorney of St. Lawrence County in the September 11, 1979 Primary Election. On July 26, 1979, appellant filed a petition with the St. Lawrence County Board of Elections (board) designating him as a Republican candidate for the office of District Attorney of St. Lawrence County in the September 11, 1979 primary. He was the only candidate to file a designating petition for that office. Petitioner, the Chairman of the County Democratic Committee, duly filed objections and specifications with the board. The board, consisting of petitioner and a Republican member, ruled the designating petition valid by a vote of one to one, and petitioner commenced the instant proceeding. Special Term found a sufficient number of signatures invalid to invalidate the entire designating petition, and this appeal ensued. The threshold issue, which we find dispositive of this appeal, is whether petitioner had standing to maintain this proceeding. Subdivision 1 of section 16-102 of the Election Law specifically authorizes the chairman of any party committee or any person who has filed objections to institute a proceeding in Supreme Court to contest the designation of any candidate for any office, *"except* that the chairman of a party committee may *not* bring a proceeding with respect to a designation or the holding of an otherwise *uncontested primary"* (Election Law, § 16-102, subd 1; emphasis added). It is conceded here that petitioner is Chairman of the County Democratic Committee and that the primary for the office of District Attorney is uncontested. Accordingly, pursuant to the clear and unambiguous language of the statute, petitioner is barred from maintaining this proceeding despite the fact that she duly filed objections. Accordingly, the judgment must be reversed and the petition dismissed. Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.