■ In the Matter of EUGENE J. GROGAN et al., Appellants, v CONSERVATIVE PARTY OF NEW YORK STATE et al., Respondents.—Appeal from a judgment of the Supreme Court at a Trial Term, entered June 12, 1980 in Albany County, in a proceeding pursuant to section 16-102 of the Election Law, which ordered the convening of a party committee representing Rockland County and Orange County for the purpose of designating a candidate for the Conservative Party for the 96th Assembly District. This proceeding involves a dispute between two enrolled Republicans seeking the Conservative Party designation as candidate for the upcoming election in the 96th Assembly District, a district which encompasses parts of Rockland and Orange Counties. On March 31, 1980, at a meeting of Conservative Party committeemen from the 96th Assembly District called by the Chairman of the Rockland County Committee, petitioner Eugene Grogan was purportedly designated as the Conservative Party candidate. Following a dispute as to the legality of this designation, the Executive Committee of the New York State Conservative Party met on May 13, 1980 and passed a resolution which purported to designate respondent Thomas Morahan as a candidate in the 96th District. Petitioner Grogan then commenced this proceeding to invalidate the May 13, 1980 resolution and respondent Morahan cross-moved to invalidate the March 31, 1980 designation of Grogan. The trial court found both designations improper and ordered that a party committee from the two counties be convened for the purpose of making a valid designation. This appeal ensued. There must be a reversal. Subdivision 1 of section 16-102 of the Election Law provides that a designation of any candidate for any public office may be contested in the Supreme Court by any "aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections * * * except that the chairman of a party committee may not bring a proceeding with respect to a designation". At the time of the commencement of this action, and presently, petitioner Giacobbe, Rockland County Conservative Party Chairman, was precluded from commencing the present proceeding, as was petitioner Grogan, who

was not a candidate for public office, and, accordingly, not an "aggrieved candidate". Further, petitioner Loeffler was without standing because she was neither a party chairman, aggrieved candidate nor an objector. It follows, necessarily, that the trial court lacked subject matter jurisdiction to entertain the proceeding. With respect to the State Board of Elections with which no designation petition or authorization or certificate had been filed at the time of the commencement of the proceeding, the matter is premature. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.