■ In the Matter of EDWARD WILLIAMS et al., Respondents, v JAMES W. RYAN et al., Constituting the Board of Elections of Columbia County, Appellants, et al., Respondents. — Appeal from a judgment of the County Court of Columbia County (Leaman, J.), entered March 15, 1984, which granted petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the nominating petition naming petitioners as candidates of the

Citizen's Party for various village offices in the Village of Valatie in the March 20, 1983 general election. ¶ Objections were timely filed against an independent nominating petition naming petitioners as candidates of the Citizen's Party for the offices of Police Justice and Trustee of the Village of Valatie in Columbia County. The Board of Elections invalidated the petition on the grounds that the seven pages contained therein were not consecutively numbered and that each page set forth a committee to fill vacancies consisting of only two names (see Election Law, § 15-108, subd 4). Although the last day in which to commence a judicial proceeding regarding this election appears to have been March 6, 1984 (see Election Law, § 16-102, subd 2), the decision of the Board of Elections, dated March 5, 1984, was mailed to petitioners and not received by them until March 7. On March 12, 1984, petitioners commenced this proceeding by service of an order to show cause signed that same day. County Court granted the petition and ruled that petitioners' nominating petition was valid. This appeal by the Board of Elections ensued. ¶ There must be a reversal. Petitioners certainly could not be expected to commence this proceeding by March 6, 1984 when they did not receive notice of the adverse determination of the Board of Elections until the following day. However, their delay until March 12, 1984 in commencing this proceeding cannot be saved under the doctrine enunciated in *Matter of Pell v Coveney* (37 NY2d 494), wherein a proceeding was deemed timely where the petitioners did not receive notice of the board's determination invalidating their petitions until after the last day for commencing judicial proceedings had passed and the proceeding was then promptly commenced *on the same day* that notice was received. We therefore hold that this proceeding should have been dismissed as untimely. Moreover, even if it had been timely commenced, dismissal of petitioners' application would still be required since their nominating petition clearly did not comply with the mandatory content requirements of subdivision 4 of section 15-108 of the Election Law in that the pages were not consecutively numbered and did not set forth a committee on vacancies consisting of at least three qualified people (see *Matter of Hutson v Bass,* 54 NY2d 772, 774 [interpreting the provisions of section 6-134 of the Election Law]). ¶ Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.