■ In the Matter of WILLIAM D. POWERS, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 14, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to, inter alia, declare valid the petition for opportunity to ballot for the Republican Party nomination for the office of Member of Assembly from the 106th Assembly District in the September 9, 1986 primary election.

On July 17, 1986, petitioner, Chairman of the Rensselaer County Republican Party, filed a petition for an opportunity to ballot for the Republican Party Member of Assembly—

106th Assembly District with respondent State Board of Elections (hereinafter Board). Objections were timely filed by respondent Edward F. McDonough, Chairman of the Rensselaer Court Democratic Party (hereinafter objector). After a hearing on July 30, 1986, the Board invalidated the petition for lack of a sufficient number of valid signatures. Objector then obtained an order to show cause, dated July 31, 1986, seeking an order declaring the petition invalid. Petitioner, in turn, obtained an order to show cause on Monday, August 4, 1986, seeking an order declaring the petition valid. After the proceedings were consolidated, Special Term dismissed petitioner's petition as untimely, and objector's as moot.

On this appeal, petitioner first maintains that Special Term erred in dismissing his petition as untimely and we agree. Although it is agreed that the 14-day time period, contained in Election Law § 16-102 (2), in which to commence a judicial proceeding concerning this election expired July 31, 1986, the decision of the Board was mailed July 30, 1986 and was not received by petitioner until Saturday, August 2, 1986. Since petitioner obtained an order to show cause bringing on this proceeding on Monday, August 4, 1986, within two days of receipt of notice, and the Board was served the following day, the proceeding is timely pursuant to the doctrine enunciated in *Matter of Pell v Coveney* (37 NY2d 494) *(see, Matter of Gartner v Salerno,* 74 AD2d 958, 959; *cf. Matter of Williams v Ryan,* 100 AD2d 688 [six-day delay in commencing proceeding after receipt of notice]; *Matter of Musolino v New York State Bd. of Elections,* 89 AD2d 1033 [seven-day delay after receipt of notice]).

Petitioner further maintains that pursuant to Election Law § 16-102 (1) objector lacks standing to challenge his petition for opportunity to ballot. This contention is only partly accurate. Election Law § 16-102 (1) provides that a petition for an opportunity to ballot may be challenged in a proceeding instituted in Supreme Court by: "any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections * * * *except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary*" (emphasis supplied). In *Matter of O'Neill v Board of Elections* (71 AD2d 1035, *affd* 48 NY2d 673), this court determined that the petitioner, as Chairman of the County Democratic Committee, lacked standing to institute a judicial proceeding concerning an otherwise uncontested Republican Party primary. The same holds true here to the extent that

objector lacked standing to initiate a judicial proceeding concerning this otherwise uncontested primary. Election Law § 16-102 (1), as construed in the *O'Neill* decision, does not, however, serve to preclude the filing of objections with the Board. Thus, while objector lacked standing to initiate the judicial proceeding of July 31, 1986, his objections before the Board remain viable. Nor does *Matter of Stempel v Albany County Bd. of Elections* (97 AD2d 647, *affd* 60 NY2d 801) stand for the proposition urged by petitioner, that objections may only be raised by a party member. Since it is quite clear that objector's challenges relate to the legal sufficiency of the petition, and not the internal operations of another political party *(id.,* p 648), objector had standing to file the objections with the Board *(see, Matter of Liepshutz v Palmateer,* 112 AD2d 1098, *affd* 65 NY2d 963).

In sum, since petitioner has judicially challenged the determination of the Board and objector has duly filed his objections, the matter should be remitted to Special Term for resolution of the merits of petitioner's proceeding to validate the petition for opportunity to ballot.

Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings in accordance with this decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.