■ In the Matter of JOSEPH DAVIS, Respondent, v DUTCHESS COUNTY BOARD OF ELECTIONS et al., Appellants.—In a proceeding, *inter alia,* to invalidate an opportunity to ballot petition for the Democratic Party nomination for the public office of Superintendent of Highways of the Town of Poughkeepsie in the Democratic Party primary election to be held on September 12, 1989, the appeal is from an order of the Supreme Court, Dutchess County (Bergerman, J.), dated August 16, 1989, which denied the appellants' motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the proceeding is dismissed.

On July 21, 1989, an opportunity to ballot petition for the Democratic Party for the public office of Superintendent of Highways of the Town of Poughkeepsie was filed with the Dutchess County Board of Elections (hereinafter the Board). Objections were timely filed by the Chairman of the Town of Poughkeepsie Republican Party Committee (hereinafter the objector). The Board subsequently validated the petition. The objector thereafter obtained an order to show cause dated August 1, 1989, seeking, *inter alia,* to invalidate the petition. The appellants moved to dismiss the proceeding, asserting that the objector, as Chairman of the Town of Poughkeepsie Republican Party Committee, had no standing to institute the proceeding, and further claimed that the appellant David Hinckley was not properly served. The Supreme Court denied the motion, holding that the objector had standing and that service was both timely and proper.

Preliminarily, we agree with the Supreme Court that service on the appellant David Hinckley, which was effectuated by serving his wife on August 1, 1989, and thereafter mailing a copy of the petition to his residence on August 3, 1989, the last date upon which a proceeding could timely be brought *(see,* Election Law § 16-102 [2]), was both timely and proper *(see, Matter of Fuentes v D'Apice,* 122 AD2d 904). Under the circumstances, this service gave adequate notice of the proceeding to Hinckley *(see, Warner v Canary,* 112 AD2d 1073; *Matter of Reilly v Scaringe,* 133 AD2d 900).

However, we find that pursuant to Election Law § 16-102, the objector lacks standing to challenge the opportunity to ballot petition. Election Law § 16-102 (1) provides that an opportunity to ballot petition may be challenged in a proceeding instituted in the Supreme Court by "any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections * * * *except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary"* (emphasis supplied). Accordingly, pursuant to the clear and unambiguous language of the statute, the objector, as Chairman of the Republican Party Committee, lacked the requisite standing to bring this proceeding, despite the fact that he duly filed objections *(see, Matter of Powers v New York State Bd. of Elections,* 122 AD2d 970, *lv dismissed* 68 NY2d 806). The fact that the objector purported to bring this proceeding in his individual capacity does not affect the outcome *(see, Matter of O'Neill v Board of Elections,* 71 AD2d

1035, *affd* 48 NY2d 673). Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.