■ In the Matter of RAYMOND A. D'ALVIA, Appellant, v CHARLES G. DiGIACOMO, Respondent, and CAROLEE SUNDERLAND et al., Respondents.—In a proceeding to invalidate a petition designating Charles DiGiacomo as a candidate in the Republican Party primary election to be held on September 12, 1991, for the nomination of that party as its candidate for the public office of Supervisor of the Town of Cortlandt, the appeal is from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered August 12, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Designating petitions were filed with the Westchester County Board of Elections designating three different candidates for nomination by the Republican Party as its candidate for the public office of Supervisor of the Town of Cortlandt in the September 12, 1991, Republican Party primary election. One of the candidates is the respondent-respondent Charles DiGiacomo.

The petitioner, Chairman of the Cortlandt Town Republican Committee, commenced the instant proceeding pursuant to Election Law § 16-102 to invalidate the respondent-respondent DiGiacomo's designating petition on the ground that the candidate had participated in fraud and forgery. DiGiacomo asserted an affirmative defense that the petitioner, as Chairman of the Cortlandt Town Republican Committee, lacked standing to bring the proceeding. The Supreme Court dismissed the proceeding on the ground asserted in the affirmative defense. We agree and, therefore, affirm.

Election Law § 16-102 (1) provides that a designating petition may be challenged in a proceeding instituted in the Supreme Court by "any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections * * * except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary". Election Law § 1-104 (7) defines a designation as "any method in accordance with the provisions of this chapter by which candidates for party nomination for public office or for election to party position may be named for the purpose of any primary election". Thus, there is no doubt that the instant proceeding is to invalidate a designation. The peti-

tioner contends, however, that the use of the word "otherwise" in Election Law § 16-102 (1) means that a Chairman of a party committee lacks standing to commence a proceeding only where there is a single designation or uncontested primary. Since three different candidates have filed designating petitions for the public office in question, the petitioner contends he is not barred from commencing this proceeding.

If the Legislature intended the provision of Election Law § 16-102 (1) which divests a Chairman of a party committee of standing in certain circumstances to apply only where there was a single designation or "uncontested primary", it could have stated so. The clear meaning of section 16-102 (1) is to prohibit a Chairman of a party committee from commencing a judicial proceeding to invalidate a designation (see, Matter of Davis v Dutchess County Bd. of Elections, 153 AD2d 716; Matter of Grogan v Conservative Party, 77 AD2d 736). Bracken, J. P., Kooper, Harwood, Balletta and Copertino, JJ., concur.