■ In the Matter of DANIEL P. CRAWLEY, Appellant, v BOARD OF ELECTIONS OF THE COUNTY OF RENSSELAER et al., Respondents. [630 NYS2d 601] —Per Curiam. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 8, 1995 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Michael J. Petruska as the Republican Party candidate for the office of Mayor of the City of Troy in the September 12, 1995 primary election.

A designating petition was filed with respondent Rensselaer County Board of Elections (hereinafter the Board) designating respondent Michael J. Petruska for nomination as the Republican Party candidate for the office of Mayor of the City of Troy in the September 12, 1995 primary election.* Petitioner, the City Chairperson for the City of Troy Republican Committee, filed general and specific objections to such petition and thereafter commenced the instant proceeding, pursuant to Election Law § 16-102, to invalidate the petition. Petruska asserted as an affirmative defense that, *inter alia*, petitioner lacked standing to commence this proceeding due to his position as the City

---

* Petitioner contends, upon information and belief, that at least one other person has submitted a designating petition for the same political party and office. We find nothing in the record which even alludes to this fact.

Chairperson. In response thereto, petitioner maintained that the proceeding was commenced by him in his individual capacity as a "citizen objector". Supreme Court dismissed the petition due to a lack of standing. We agree.

The threshold issue is whether petitioner, as a City Chairperson, has standing to commence this judicial proceeding pursuant to the provisions of Election Law § 16-102 (1) which provides, in relevant part, as follows: "The nomination or designation of any candidate * * * or the holding of an uncontested primary election, by reason of a petition for an opportunity to ballot having been filed * * * may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections * * * *except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary"* (emphasis supplied). Rejecting petitioner's contention that he nonetheless maintains standing to institute this proceeding in his individual capacity (*see, Matter of O'Neill v Board of Elections*, 48 NY2d 673; *Matter of Davis v Dutchess County Bd. of Elections*, 153 AD2d 716), we find that the language of this statute, when viewed in its entirety (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 231), clearly dictates that on the facts here presented, petitioner's status as a City Chairperson precludes him from challenging the designation in this forum (*see, Matter of O'Neill v Board of Elections, supra; Matter of Davis v Dutchess County Bd. of Elections, supra; Matter of Powers v New York State Bd. of Elections*, 122 AD2d 970, *lv dismissed* 68 NY2d 806).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.