■ In the Matter of DICK COLLINS, Appellant, v SUE W. KELLY et al., Respondents. [678 NYS2d 791] —Per Curiam. Appeal from an order of the Supreme Court (Malone, J.), entered August 12, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid two designating petitions naming respondent Sue W. Kelly as the Republican and Conservative Party candidate for the office of Member of the U.S. House of Representatives, 19th Congressional District, in the September 15, 1998 primary election.

On July 14, 1998 two designating petitions for the Republican and Conservative Party lines in the September 1998 primary election were filed with respondent State Board of Elections (hereinafter the Board) designating respondent Sue W. Kelly (hereinafter respondent) as candidate for Member of the U.S. House of Representatives, 19th Congressional District. The following day, July 15, 1998, after it was discovered that the individual pages of said petitions were not numbered as required under Election Law § 6-134 (2) and 9 NYCRR 6215.1 (a), exact and complete photocopies of the petitions, numbered sequentially at the bottom of each page, were filed with the Board. Notably, the last day for filing was July 16, 1998.

Petitioner, a candidate for the same office as well as Chair of the Town of Union Vale Democratic Committee, commenced the instant proceeding as an aggrieved candidate under Election Law § 16-102 challenging the validity of the designating petitions on the ground that respondent's failure to properly number the pages thereof pursuant to Election Law § 6-134 (2) rendered them defective. Respondent answered contending that her submissions substantially complied with the Election Law and asserting, inter alia, that petitioner lacked standing to commence the instant proceeding. Supreme Court dismissed the proceeding on the ground that petitioner, as chairperson of a local party committee, was without standing to object to the designating petitions. This appeal followed.

Initially, we agree with petitioner's contention that he has standing to maintain the instant proceeding. Election Law § 16-102 (1) provides that an aggrieved candidate, a chair of

any party committee or a person who has filed an objection may commence a proceeding contesting a designation of any candidate for any public office, except that the chair of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary. Here, petitioner commenced the proceeding in his capacity as an aggrieved candidate. While a party chairperson cannot circumvent the limitations of challenging a designation imposed by Election Law § 16-102 (1) by purporting to commence a proceeding on the alternative basis of an objector (*see, Matter of Crawley v Board of Elections*, 218 AD2d 914, *lv denied* 86 NY2d 704; *Matter of D'Alvia v DiGiacomo*, 175 AD2d 891; *Matter of Davis v Dutchess County Bd. of Elections*, 153 AD2d 716; *Matter of O'Neill v Board of Elections*, 71 AD2d 1035, *affd* 48 NY2d 673), we decline to extend the logic of these cases to divest an aggrieved candidate of his or her ability to challenge a designating petition. In our view, an aggrieved candidate, who also happens to be a party chairperson, is not limited from challenging a designating petition under these circumstances. We accordingly hold that petitioner has standing to commence the instant proceeding as an aggrieved candidate (*see generally, Matter of Parker v Savago*, 143 AD2d 439, 441, n 2).

Moving next to the merits, we find that the timely filing of complete and exact photocopies of the original petitions, to which sequential page numbers were affixed at the bottom of each sheet, constituted a proper corrective supplement to the original petitions and that the combined submissions provided substantial compliance with the pagination requirements of Election Law § 6-134 (2) and 9 NYCRR 6215.1 (a) (*see also*, Election Law § 6-134 [10]; 9 NYCRR 6215.6). In our view, the prompt filing of the numbered photocopies before the expiration of the filing period eliminated the potential for fraud and provided the necessary ready reference to the Board and to the general public should the need arise to identify particular pages in the event of a challenge to the contents of a particular page. To rule otherwise would disenfranchise the voters of the district and frustrate the spirit and intent of the Election Reform Act of 1992 (L 1992, ch 79) and the Ballot Access Law of 1996 (L 1996, ch 709), both of which were crafted to make the petition process less complicated and more equitable for all candidates.

Cardona, P. J., Mikoll, Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.