(October 12, 2001)

■ In the Matter of ALTON ETKIN, Appellant, v FRAN THALMANN et al., as Commissioners of the Sullivan County Board of Elections, et al., Respondents. [731 NYS2d 248] — Per Curiam. Appeal from a judgment of the Supreme Court (Kane, J.), entered September 21, 2001 in Sullivan County, which denied petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the independent nominating petition naming petitioner as the Loyalty Party candidate for the

office of Sullivan County Legislator, Ninth District, in the November 6, 2001 general election.

Within minutes of timely filing the independent nominating petition naming him as the Loyalty Party candidate for the office of Sullivan County Legislator, Ninth District, in the November 6, 2001 general election, petitioner realized that, as the subscribing witness, he had failed to insert the number of signatures in the subscribing witness statements on pages 2 through 17 of the petition. He returned to the office of the Sullivan County Board of Elections where he was informed that the petition could not be returned to him. Accordingly, petitioner requested and obtained a photocopy of the petition. He then inserted the correct number of signatures for each page in the appropriate subscribing witness statements on the photocopies of pages 2 through 17 and drafted a signed statement that he had numbered the pages which he had initially forgotten to number. Petitioner then handed the statement and the corrected copies of pages 2 through 17 to a Deputy Commissioner of the Board who, according to petitioner, accepted the papers for filing and answered "No" to petitioner's question of whether he needed to do anything else.

After objections were filed, the Board invalidated the petition based upon the lack of sufficient valid signatures as a result of the absence of the number of signatures in the subscribing witness statements on pages 2 through 17. Petitioner commenced this proceeding pursuant to Election Law § 16-102 to declare the petition valid and Supreme Court dismissed his application.

We reverse. It is apparent from the relevant rules governing independent nominating petitions that a page of a petition shall be deemed to contain no more than the number of signatures indicated in the subscribing witness statement for that page (see, Election Law § 6-134 [11]; § 6-138 [2]) and, in this case, no number of signatures was indicated in the subscribing witness statements on pages 2 through 17 of the petition as originally filed. Nevertheless, the provisions containing the relevant rules "shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud" (Election Law § 6-134 [10]). Inasmuch as it is undisputed that petitioner, who was the subscribing witness to each signature page of the petition, inserted the correct number of signatures in the blank space of the subscribing witness statements on the photocopies of pages 2 through 17 of the previously filed petition (see, Election Law § 6-134 [9]) and then immediately filed the photocopies within the time limit

for filing petitions, we are of the view that the combined submissions constituted substantial compliance with the relevant rules regarding the inclusion of the number of signatures in the subscribing witness statement for each page (*see, Matter of Collins v Kelly*, 253 AD2d 571). The procedure pursued by petitioner eliminated the possibility of fraud and, therefore, the integrity of the electoral process, upon which the Board relies, was not jeopardized in any way. Consistent with the Election Reform Act of 1992 (L 1992, ch 79) and the Ballot Access Law (L 1996, ch 709), "both of which were crafted to make the petition process less complicated and more equitable for all candidates" (*Matter of Collins v Kelly, supra*, at 572), petitioner's independent nominating petition should be declared valid.

Cardona, P. J., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and it is declared that the independent nominating petition naming petitioner as the Loyalty Party candidate for the office of Sullivan County Legislator, Ninth District, in the November 6, 2001 general election is valid.