(August 18, 2004)

■ In the Matter of FRANK A. SODA, Appellant, v PAULA M. BANKS DAHLKE, as Candidate, et al., Respondents. [781 NYS2d 183]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 12, 2004 in a proceeding pursuant to Election Law § 16-102. The order dismissed the petition on the ground that petitioner lacked standing.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, Chairman of the Niagara County Democratic Party Committee, appeals from an order dismissing his petition pursuant to Election Law § 16-102 seeking to invalidate the Independence Party designation of respondent Paula M. Banks Dahlke, a candidate in the Independence Party primary election for the New York State Assembly, 138th District to be held September 14, 2004. Supreme Court dismissed the petition on the ground that petitioner lacked standing to commence the proceeding under Election Law § 16-102 (1). We affirm.

Section 16-102 (1) specifies the persons who may commence a proceeding pursuant to that statute. Its plain language directs that a "chairman of a party committee" may not bring a proceeding to invalidate a designation (*id.*). That petitioner purports to have commenced this proceeding in his individual capacity is of no moment (*see id.*; *Matter of Crawley v Board of Elections of County of Rensselaer*, 218 AD2d 914, 915 [1995], *lv denied* 86 NY2d 704 [1995]; *Matter of Davis v Dutchess County Bd. of Elections*, 153 AD2d 716, 717-718 [1989]). Petitioner's contention that the chairman of a county committee of a party may bring a proceeding to challenge a designation in an election for state office finds no support in the language of section 16-102 (*see e.g. Matter of Maltese v Anderson*, 264 AD2d 457 [1999]; *Matter of Grogan v Conservative Party of N.Y. State*, 77 AD2d 736, 736-737 [1980]).

In any event, petitioner was only able to establish that at most two additional signatures should be invalidated. That would leave 75 valid signatures, which is one more than needed for a valid petition. Present—Green, J.P., Pine, Wisner, Scudder and Kehoe, JJ.