■ In the Matter of ALAN LEVINE et al., Respondents, v THOMAS TURCO et al., as Commissioners of the Ulster County Board of Elections, Respondents, and MALENA CALLAN et al., Appellants. [841 NYS2d 388]—

Per Curiam. Appeal from a judgment of the Supreme Court (Donohue, J.), entered August 13, 2007 in Ulster County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to invalidate the petitions designating respondents Malena Callan, Imre Beke, Tricia Kortright, Manuela Michailescu, Shane Ricks, Carl Chipman and David O'Halloren as candidates for the party office of members of the

Ulster County Republican Committee in the September 18, 2007 primary election.

On July 16, 2007, petitions were filed with the Ulster County Board of Elections (hereinafter Board) designating respondents Malena Callan, Imre Beke, Tricia Kortright, Manuela Michailescu, Shane Ricks, Carl Chipman and David O'Halloren (hereinafter collectively referred to as respondents) as candidates for the party office of members of the Ulster County Republican Committee from various election districts within the Town of Rochester, Ulster County. Petitioner Marijane Knudsen, who is the Chair of the Town of Rochester Republican Committee residing within the Town's fourth election district, filed general objections to the petitions with the Board on July 18, 2007 followed by specific objections on July 22, 2007. After the Board denied most of the objections, Knudsen and petitioners Alan Levine, Stanley C. Hudson, Beverly J. Schoonmaker and Melvyn I. Tapper commenced this proceeding pursuant to Election Law § 16-102 to invalidate the designating petitions. Following the service of respondents' answer, which raised various affirmative defenses, Supreme Court granted the amended petition and invalidated the designating petitions for failure to adequately describe the party positions sought by respondents. Respondents now appeal.

Initially, respondents contend that petitioners lack standing to bring this proceeding challenging their designating petitions. Election Law § 16-102 (1) specifies that any aggrieved candidate, the chair of any party committee or a person who has filed objections may commence a proceeding to contest a designation, "except that the *chair[ ] of a party committee may not bring a proceeding with respect to a designation* or the holding of an otherwise uncontested primary" (emphasis added). The term "designation" includes "any method . . . by which candidates . . . for election to [a] party position may be named for the purpose of any primary election" (Election Law § 1-104 [7]). Thus, under the clear exclusionary language of Election Law § 16-102 (1), as chair of the Town Republican Committee Knudsen lacks capacity to bring this proceeding contesting respondents' designating petitions (*see Matter of Maltese v Anderson*, 264 AD2d 457, 457 [1999]; *see also Matter of Parete v Turco*, 21 AD3d 691, 691 [2005]; *Matter of Soda v Dahlke*, 10 AD3d 481, 482 [2004]; *Matter of Crawley v Board of Elections of County of Rensselaer*, 218 AD2d 914, 915 [1995], *lv denied* 86 NY2d 704 [1995]; *Matter of D'Alvia v DiGiacomo*, 175 AD2d 891, 891-892 [1991]; *Matter of Davis v Dutchess County Bd. of Elections*, 153 AD2d 716, 717-718 [1989]; *Matter of Grogan v*

*Conservative Party of N.Y. State*, 77 AD2d 736 [1980]; *Matter of O'Neill v Board of Elections of St. Lawrence County*, 71 AD2d 1035, 1036 [1979], *affd* 48 NY2d 673 [1979]). Nor may Knudsen proceed on the theory that she is an objector (*see* Election Law § 16-102 [1]) because "a party chairperson cannot circumvent the limitations of challenging a designation imposed by Election Law § 16-102 (1) by purporting to commence a proceeding on the alternative basis of an objector" (*Matter of Collins v Kelly*, 253 AD2d 571, 572 [1998]; *see Matter of O'Neill v Board of Elections of St. Lawrence County, supra* at 1036). Consequently, respondents' contention that Knudsen's objections failed to comply with Election Law § 6-154 (2) is irrelevant (*see Matter of Martin v Tutunjian*, 89 AD2d 1034 [1982]).

Knudsen, like the other petitioners, has standing, if at all, as an "aggrieved candidate," the only remaining category of persons under Election Law § 16-102 (1) authorized to contest respondents' designating petitions for party positions (*see Matter of Collins v Kelly, supra* at 572). It is undisputed that each of the petitioners, including Knudsen, resides in an election district in issue in the Town of Rochester, and is a candidate for the office of member of the Ulster County Republican Committee from his or her respective election district, and each petitioner is vying for the same party position as one of the respondents for that office. However, since Michailescu consented to an order invalidating her candidacy and petition for the fourth election district (the only respondent from that election district), Knudsen and Levine—candidates for the party positions in that district—are no longer "aggrieved candidate[s]" (Election Law § 16-102 [1]). Hudson is an aggrieved candidate in the third election district with respect to Kortright's and O'Halloren's designating petitions for that district, and Schoonmaker and Tapper are aggrieved candidates in the fifth election district with respect to Chipman's and Ricks' designating petitions for that district (*see Matter of McGuire v Gamache*, 22 AD3d 614, 614 [2005], *affd* 5 NY3d 444 [2005]). However, it is not alleged that any of the petitioners resides or is a candidate in the first or second election districts in which Callan and Beke, respectively, were designated for the party office of member and, thus, none of the petitioners is "aggrieved" so as to have standing to challenge their designating petitions, which should be reinstated.

We now address the merits of petitioners' challenge to the designating petitions of the remaining respondents, namely, Kortright, O'Halloren, Ricks and Chipman. Petitioners assert that the designating petitions fail to adequately describe the

party position sought as required by Election Law § 6-132 (1). We note that while this is a substantive requirement, the courts have developed a rule which permits a description which is " 'sufficiently informative . . . so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (*Matter of Dipple v Devine*, 218 AD2d 918, 918-919 [1995], *lv denied* 86 NY2d 704 [1995], quoting *Matter of Donnelly v McNab*, 83 AD2d 896 [1981], *lv denied* 54 NY2d 603 [1981]; *see Matter of Coluccio v Fox*, 286 AD2d 552, 552 [2001]; *Matter of Parker v Savago*, 143 AD2d 439, 440 [1988]). Notably, where "the title of the office being sought cannot be discerned by recourse to information contained in the designating petition" (*Matter of Hayes v New York State Bd. of Elections*, 32 AD3d 660, 661 [2006]), it will be invalidated.

Kortright's designating petition describes the public office or party position as "Committee—Rochester—District #3," O'Halloren's designating petition describes it as "Committee—Rochester—Dist. #3" and Ricks' and Chipman's designating petitions describe it as "Committee—Rochester—Dist. #5." None contains any reference to the fact that it is the Republican Committee or that Rochester is a town located within Ulster County. Even if, as respondents contend, no one was confused by this description, the reasonable possibility of confusion certainly exists, particularly since the title of the office cannot be discerned from the information on the designating petitions. Therefore, Supreme Court properly granted that part of the petition seeking invalidation of the designating petitions of Kortright, O'Halloren, Ricks and Chipman.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of the amended petition seeking to invalidate the designating petitions of respondents Malena Callan and Imre Beke; amended petition dismissed against said respondents; and, as so modified, affirmed.