(March 14, 2008)

In the Matter of FRANK OCCHIPINTI, Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and MARIO DiFELICE et al., Appellants. [856 NYS2d 147]—

The petitioner, who is the Chairperson of the Democratic Party in the Village of Sleepy Hollow, filed specific objections to a certificate of nomination dated January 27, 2008, signed by the respondent Kathleen Doorley, and purporting to nominate Mario DiFelice, Sandra Morales, and Andrew Murray as candidates of the Independence Party for the public office of Village Trustee of the Village of Sleepy Hollow. The petitioner thereafter commenced this proceeding to invalidate the nominations. Doorley, DiFelice, Morales, and Murray (hereinafter the appellants) moved to dismiss the petition pursuant to CPLR 3211 (a) (3) on the ground that the petitioner lacked standing to commence this proceeding challenging the certificate of nomination. The Supreme Court denied the appellants' motion. We affirm.

As an objecting nonparty voter, the petitioner had standing to commence this proceeding to challenge an alleged failure to comply with the statutory requirements governing the nomination of candidates by party caucus, set forth in Election Law § 15-108 (2) (a), (c) (see Election Law § 15-108 [2] [a], [c], [d]; § 16-102 [1]; Scoville v Cicoria, 65 NY2d 972, 974 [1985]; Matter of McHoul v Sellick, 153 AD2d 721 [1989]; cf. Matter of Powers v New York State Bd. of Elections, 122 AD2d 970, 972 [1986]; Matter of Martin v Tutunjian, 89 AD2d 1034 [1982]).

Contrary to the appellants' contention, because this proceed-

ing concerns a caucus, rather than a primary election, the petitioner was not deprived of standing based upon his status as the Chairperson of the Democratic Party in the Village of Sleepy Hollow, under Election Law § 16-102 (1) (*cf. Matter of Levine v Turco,* 43 AD3d 618, 619 [2007]; *Matter of D'Alvia v DiGiacomo,* 175 AD2d 891, 892 [1991]; *Matter of Davis v Dutchess County Bd. of Elections,* 153 AD2d 716, 717 [1989]).

In light of the foregoing, we need not reach the parties' remaining contentions. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.