■ In the Matter of CRAIG A. EATON, Appellant, v AVRAHOM Y. ROSENBERG et al., Respondents, et al., Respondent. [971 NYS2d 52]—

In related proceedings, which were consolidated into a single proceeding, pursuant to Election Law § 16-102, inter alia, to invalidate the petitions designating certain of the respondents as candidates in a primary election to be held on September 10, 2013, for the party positions of Male and Female Members of the Republican County Committee from the 45th, 50th, 52nd, 54th, and 55th Assembly Districts, the petitioner appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 9, 2013, which granted the motions of the respondent candidates to dismiss the underlying petitions on the ground that the petitioner lacked standing to commence the underlying proceedings and, in effect, dismissed the consolidated proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

In answering the underlying petitions in this consolidated proceeding, counsel for the respondent candidates (hereinafter the candidates) asserted as an affirmative defense that the petitioner, as Kings County Republican County Chairman, lacked standing to commence the underlying proceedings pursuant to Election Law § 16-102 (1). Counsel for the candidates then moved on behalf of the candidates to dismiss the underlying petitions on that ground. The petitioner conceded that he lacked standing to commence the underlying proceedings pursuant to Election Law § 16-102 (1). However, he argued that, despite the fact that the candidates had served answers, they were in default because counsel did not have the authority to interpose answers on their behalf, and that counsel did not have the authority to move to dismiss the underlying petitions on behalf of the candidates. The Supreme Court rejected the petitioner's arguments and granted the candidates' motions to dismiss the underlying petitions on the ground that the petitioner lacked standing.

The Supreme Court properly granted the candidates' motions to dismiss the underlying petitions on the ground that the petitioner lacked standing. As the petitioner correctly concedes, he did not have standing to commence the underlying proceedings pursuant to Election Law § 16-102 (1) (*see* Election Law § 16-102; *Matter of Levine v Turco*, 43 AD3d 618 [2007]; *Matter of Maltese v Anderson*, 264 AD2d 457 [1999]; *Matter of D'Alvia v DiGiacomo*, 175 AD2d 891 [1991]). Contrary to the petitioner's contention, the counsel who appeared before the Supreme Court and filed answers on behalf of the candidates had the authority to represent all of the candidates in the consolidated proceeding and to move on their behalf to dismiss the underlying petitions

(*see generally Hamilton v Wright*, 37 NY 502, 505 [1868]; *Siegel v Kentucky Fried Chicken of Long Is.*, 108 AD2d 218, 225-226 [1985], *affd* 67 NY2d 792 [1986]; *Buxbaum v Assicurazioni Generali*, 34 NYS2d 480, 482 [1942], *affd* 264 App Div 855 [1942]). Balkin, J.P., Austin, Roman and Sgroi, JJ., concur.