OPINION OF THE COURT
Paul I. Marx, J.
In this Election Law proceeding, petitioner Keith C. Anderson seeks an order nullifying and setting aside the determination of Anthony G. Scannapieco, Jr. and Catherine P. Croft, as Commissioners of the Putnam County Board of Elections (collectively, the Board or the Commissioners) which denied his objections to the nominating petition filed by respondent, Faye Thorpe, as the Conservative Party candidate for the office of Town Justice in the Town of Philipstown. Generally stated, Anderson contends that the Board erred in overruling his objections because the purported nomination of Thorpe does not comply with the rules of the Conservative Party of Putnam County which require candidates for the position of Town Justice in the Town of Philipstown to be made by caucus, not nominating petition.
Papers Considered
The following papers numbered 1 through 9 were considered on this application:
Order to show cause dated July 27, 2016/verified petition of Keith C. Anderson dated July 27, 2016/exhibits A-F[1] (1-3).
Affirmation of Jennifer S. Bumgarner, Esq., Putnam County Attorney, dated August 2, 2016 (4).
*244 “Reply” of Keith Anderson dated August 3, 2016 (5).
Affirmation of John Ciampoli, Esq., dated August 5, 2016 (6).
Reply affirmation of William D. Spain, Esq., dated August 8, 2016/affidavit, waiver and consent of James Maxwell dated August 8, 2016[2] (7-8).
Reply affirmation of Shannon S. Brady, Esq., dated August 8, 2016 (9).[3]
For the reasons set forth below, the petition is granted in all respects.
Facts
On July 14, 2016, Thorpe filed a nominating petition with the Putnam County Board of Elections by which she claimed entitlement to be placed on the ballot as the Conservative Party candidate for the position of Town Justice of Philipstown in the 2016 general election. (Exhibit A.)
On July 18, 2016, Anderson filed general objections to the nominating petition. (Exhibit B.)
On July 21, 2016, Anderson filed specific objections to the nominating petition, asserting that the purported nomination did not comport with the Rules of the Conservative Party or Election Law § 6-108 because nominating petitions are not the proper or accepted method of nominating candidates for the Conservative Party for Town offices in Philipstown. The specific objections annexed various exhibits including a copy of the Rules and Regulations of the Putnam County Committee of the Conservative Party of the State of New York (Party Rules or the Rules) as well as email communications between Anderson and Thorpe. (Exhibit C.)
*245 On July 25, 2016, by split decision of the Board at the administrative review hearing, the objections were denied and the nominating petition allowed to stand.[4] (Exhibit D.)
On July 27, 2016, the instant proceeding was commenced by order to show cause by Anderson, seeking an order:
“(A) ANNULLING AND SETTING ASIDE the decision of the Respondents, ANTHONY G. SCANNAPIECO, JR. AND CATHERINE P. CROFT. As Commissioners of the PUTNAM COUNTY BOARD OF ELECTIONS, dated July 25, 2016, which decision denied the objections and specifications of Petitioner, KEITH C. ANDERSON, Objector, which were duly filed on July 18, 2016 and July 21, 2016 and which decision determined [that] the Conservative Party Designating Petition purporting to nominate Respondent Faye Thorpe, Candidate for the public office of Town Justice in the Town of Philipstown is valid and stands; and (B) FINDING AND DECLARING that the Conservative Party Designating Petition purporting to nominate Respondent FAYE THORPE, Candidate, for the public office of Town Justice in the Town of Philips-town, filed on July 14, 2016 is invalid, unlawful [sic] null and void; and (C) ENJOINING, RESTRAINING AND PROHIBITING the Respondent PUTNAM COUNTY BOARD OF ELECTIONS from printing and placing the name of Respondent-Candidate FAYE THORPE, on the official ballots of the Conservative Party to be used at the 2016 Primary and General Election for the public office of Town Justice in the Town of Philipstown.”
The order to show cause was signed by the Honorable Victor G. Grossman, J.S.C., who set the matter for return on August 5, 2016. Justice Grossman directed that service be completed by July 28, 2016.[5] A briefing schedule which required opposition papers to be served and filed no later than August 2, 2016 and reply papers to be served by August 4, 2016 was set by the court.
Only the Board complied with the briefing schedule set by the court. In the affirmation of its attorney dated August 2, 2016, the County Attorney took no position on the application, deferring to the court’s decision.
*246 On August 3, 2016, Anderson served and filed a “reply” in which he noted that Thorpe had not timely responded to the order to show cause. Anderson requested additional relief in the form of costs, fees and sanctions. The reply was punctuated by ad hominem attacks on Commissioner Scannapieco and hearsay allegations of alleged improprieties on his part.[6]
By letter dated August 3, 2016, John Ciampoli, Esq., Thorpe’s counsel, requested an adjournment to August 9, 2016. The letter, which appears to have been faxed to chambers at 3:31 a.m., was not copied to counsel for the other parties. Consequently, the court did not act on the request.[7]
On August 5, 2016, counsel for all parties appeared in connection with the order to show cause. Petitioner appeared by Bonnie Feinzig, Esq. The Board appeared by Shannon S. Brady, Esq. Ciampoli appeared for Thorpe.[8]
Ciampoli asserted that despite his failure to comply with the briefing schedule Thorpe’s opposition could be heard. He contended that Anderson was precluded from bringing the proceeding under Election Law § 16-102 (1) since Anderson is the Chairman of the Conservative Party of the Town of Philipstown. As such, Ciampoli asserted that the petition must be denied and dismissed. Alternatively, Ciampoli contended that the application must be denied because the Conservative Party was a necessary party which had not been joined into the action.
Because Thorpe’s opposition was first stated on the return date,[9] rather than deprive petitioner of the opportunity to reply, the court directed Thorpe’s opposition be submitted in writing, *247 served and filed by 5 p.m. that day. The court granted all other counsel the opportunity to submit reply papers by noon, August 8, 2016, if so inclined. All parties complied with the court’s modified briefing schedule.
Anderson’s Petition
Succinctly put, Anderson asserts that the Board erred in denying his objection to the filing of designating petitions by Thorpe for the Town Justice position because a nomination for that position cannot be obtained by filing a designating petition, but rather, is required by the Conservative Party Rules to be by caucus. Anderson contends that Election Law § 6-108 (1) offers an option to political committees within towns, like Philipstown, which have fewer than 750,000 residents to nominate candidates for local town offices by either caucus or primary election. He submits that the Putnam County Conservative Party adopted rules which opted for these nominations to be by caucus only. Hence, he contends, Thorpe cannot become a candidate for Town Justice by filing a nominating petition. Consequently, he concludes that the Board improperly denied his objections.
Anderson annexes to his petition, emails between himself and Thorpe dated June 13, 2016, concerning her interest in seeking the Conservative Party nomination for the Town Justice position. Anderson responded to Thorpe’s inquiry as to how to secure the party endorsement as follows:
“Faye, [sic] We have oodles of time for the conservative endorsement because we use a caucus and do not need to run petitions. I intend on inviting you down to talk to everyone sometime in the next few weeks. Please give me a call after Wednesday so that we can plan that meeting.” (Exhibit C.)
Thus, it cannot be disputed that Thorpe had knowledge of the proper procedure to obtain the Conservative Party endorsement to run for Town Justice. For reasons unknown to the court, she opted to employ a different approach.
Thorpe’s Opposition Papers
Relying solely on counsel’s affirmation, Thorpe contends that: (1) Anderson lacks standing under Election Law § 16-102 (1) to bring this proceeding because he is a party chair, (2) the *248 Conservative Party of Putnam County, alleged to be a necessary party, has not been named, and (3) the petition fails to state a claim because no proof of the adoption of the Conservative Party Rules has been submitted.
Thorpe contends that “the essence of this case is an attempt by the petitioner to invalidate a designating petition by application of the Conservative Party Rules of the County Conservative Party Committee” (¶ 22). Thorpe also contends that Anderson’s counsel is precluded from representing Anderson because, “Petitioner’s attorneys are, upon information and belief [sic] barred from suing their client, the Conservative Party County Committee, as the Spain brothers who are partners in Spain and Spain, P.C. are members/chairs of the Conservative Party Law Committee” (¶ 14).
Alternatively, Thorpe submits an answer to the petition wherein, inter alia, she alleges “upon information and belief that the rules of the Conservative Party are not filed with the governing agencies (New York State and Putnam County Boards of Elections) and are therefore not in effect.” (Id. ¶ 55.) In addition, in her proposed answer, Thorpe asserts that
“the rules of the Conservative Party which the Petitioner seeks to enforce against the Respondents serve to chill the free speech and free associational rights of the Respondents and the signers of the designating petition under the terms of the New York State Constitution, and are therefore invalid and unenforceable.” (Id. ¶ 56.)
The proposed answer is not verified by Thorpe as required by the Election Law.[10]
Anderson’s Reply
In reply, Anderson submits an affirmation of his counsel as well as an affidavit from the Chairman of the Putnam County Conservative Party, James Maxwell. Anderson’s counsel, William D. Spain, Jr., Esq., notes Thorpe’s default in timely answering the order to show cause and restates the allegation that Scannapieco acted improperly by allegedly participating in circulating Thorpe’s nominating petitions.
Counsel asserts that Election Law § 16-102 (1) is inapplicable to this case because Anderson is not challenging a designation made by a properly filed designating petition or *249 the holding of an otherwise uncontested primary. Rather, he asserts that Anderson has standing to bring the petition because the petition seeks to invalidate an “illegal attempt to secure a party nomination” (¶ 9). He rejects the notion that the filing of petitions constitutes an “uncontested primary.” (Id.)
Even if true, he asserts, the Appellate Division, Second Department has ruled that a party chairman has standing to commence a proceeding to challenge an alleged failure to comply with the provisions of Election Law § 15-108 (2). Citing Matter of Occhipinti v Westchester County Bd. of Elections (49 AD3d 674 [2d Dept 2008]), Anderson asserts that he has standing to challenge the failure to comply with statutory requirements governing nomination of candidates by party caucus, set forth in Election Law § 15-108 (2) (a).
Essentially, then, Anderson contends that because no primary was held, and the Party Rules require that candidates be selected by caucus, he is not disqualified from challenging Thorpe’s attempt to secure the nomination through a method other than that adopted by the Conservative Party. Thus, he concludes, he has standing.
Maxwell addresses Thorpe’s claim that Anderson failed to name a necessary party, the Conservative Party. He states that he supports Anderson’s petition and, on behalf of the Putnam County Conservative Party, waives any objection to it not having been named as a party. Maxwell avers that he was aware of Anderson’s intention to bring the petition and, in fact, encouraged him to do so. Maxwell indicates that the interests of the Conservative Party are being served by Anderson and that the Conservative Party agrees to be subject to and abide by any determination made by the court in this matter. Hence, Anderson asserts that the Conservative Party has consented to the jurisdiction of the court and even if the Conservative Party was necessary, it has now indicated its support of the petition.
The Board’s Reply
In its reply, the Board objected to Anderson’s submission of a “repljr” to its non-opposition. It seeks to have Anderson’s reply disregarded and stricken because of the personal nature of the criticisms leveled at Scannapieco. The Board also opposes the addition of requests for new forms of relief not previously sought.
*250 Discussion
Election Law § 6-108
Election Law § 6-108 provides the methods by which candidates for local offices in towns with fewer than 750,000 people are to be selected. These include allowing the County Committee of the political party to implement either a caucus or primary election system.
Section 6-108 (1) provides:
“1. In any town in a county having a population of over seven hundred fifty thousand inhabitants, as shown by the latest federal decennial or special population census, party nominations of candidates for town offices shall be made at the primary preceding the election. In any other town, nominations of candidates for town offices shall be made by caucus or primary election as the rules of the county committee shall provide, except that the members of the county committee from a town may adopt by a two-thirds vote, a rule providing that the party candidates for town offices shall be nominated at the primary election. If a rule adopted by the county committee of a political party or by the members of the county committee from a town, provides that party candidates for town offices, shall be nominated at a primary election, such rule shall not apply to nor affect a primary held less than four months after a certified copy of the rule shall have been filed with the board of elections. After the filing of such a rule, the rule shall continue in force until a certified copy of a rule revoking the same shall have been filed with such board at least four months before a subsequent primary. Such a caucus shall be held no earlier than the first day on which designating petitions for the fall primary election may be signed.” (Emphasis added.)
The Conservative Party Rules
Anderson, the Town of Philipstown Conservative Party Chair, attests that section 2 of article v of the Rules and Regulations of the Putnam County Committee of the Conservative Party of the State of New York provides:
*251 “Town Nominations for elected office in the Towns of Carmel, Kent, Patterson, Philipstown, Putnam Valley, and Southeast, shall he by caucus, pursuant to Section 6-108 of the Election Law. The County Committee persons, at a duly held meeting from the Towns of Carmel, Kent[,] Patterson, Philips-town, Putnam Valley, or Southeast by a majority vote of these present may decide to designate by primary pursuant to Section 6-108. Exhibit F.” (Additional emphasis added.)
Reading Election Law § 6-108 in conjunction with the Party Rules compels the conclusion that the proper method for securing the nomination to run as the Conservative Party candidate for Town Justice in the Town of Philipstown is by caucus. As such, it is manifestly clear that acceptance of Thorpe’s nominating petition by the Board and its subsequent denial of Anderson’s objections were improper. Neither was consistent with the provisions of Election Law § 6-108 or the Rules of the Conservative Party of Putnam County. Thus, the administrative decision of the Board was in error. However, given Thorpe’s opposition to the petition, the court can only set that decision aside if Anderson has standing and if all necessary parties have either been named or have agreed to be subject to the court’s determination.
Standing
Thorpe asserts that under Election Law § 16-102, Anderson is disqualified from challenging the nominating petition and lacks standing based on his position as Chairman of the Town of Philipstown Conservative Party.
Election Law § 16-102 (1) provides that a designating petition may be challenged in a proceeding “by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections . . . except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary.”
The predicate of Thorpe’s argument is that Anderson, as a party chair, is precluded from challenging a designating petition. Implicit in that position is that the designating petition is the correct way for nominations to be attained. Here, under the Party Rules, it is not. Clearly the party chairman is disqualified from challenging a nominating petition only where the candidate has been properly nominated in the first *252 instance. As set forth above, candidates for Town Justice in Philipstown can only be nominated by caucus. The improper filing of a designating petition cannot possibly serve to thwart the efforts of the party chair from ensuring that party procedures are followed by disqualifying him/her. To disqualify Anderson would pervert the rationale of the law which is to ensure that candidates are selected through proper procedure and not through party chair fiat or chicanery. Put differently, if Thorpe’s position is correct, then the Party Rules can be nullified simply by an individual ignoring them and adopting his/ her own procedure. This is not and cannot be the law.
Thorpe’s Challenge to the Party Rules
Despite Anderson’s sworn statement as to the validity of the Rules, Thorpe suggests that Anderson failed to demonstrate that the Party Rules were adopted and filed as required by the Election Law. This suggestion is based solely on a conclusory statement of counsel, without any support whatsoever. No affidavit of a party with knowledge has been submitted to support the assertion that the Rules were not timely filed. Rather, counsel asserts that the absence of a date stamp on the exhibit submitted indicates a failure to make out a prima facie claim. (See Ciampoli affirmation ¶¶ 36-39, 44.)
In reply, Anderson submits the affidavit of the Conservative Party Chairman, James Maxwell, who attests that the procedure utilized by Thorpe to attain the nomination “was in contravention to long standing Conservative Party rules whereby the party caucus system is utilized.” (Maxwell aff, waiver and consent ¶ 2.)
The court is satisfied, based on the submissions made, that the Rules of the Conservative Party which have been submitted are the operative rules, properly adopted. There has been no evidence submitted to the contrary. Bald allegations of counsel are insufficient, in this court’s view, to compel any other determination. This is so, even though Anderson states in his petition that the applicable Rules were “amended October 1, 2011,” while the copy of the Rules attached as exhibit F indicate that they were last amended September 23, 2015. Notably, attached to the specific objections submitted to the Board by Anderson is a copy of the Conservative Party Rules adopted September 30, 2011. (Exhibit C.) Significantly, the language requiring nomination by caucus is identical. Compelling this determination as well is the fact that Anderson has *253 attested that nominations for Town positions have been by caucus at least since he became Town Chair in 2012. (Petition 1 12.)
Decision
First, the court addresses and rejects Thorpe’s assertion of a claimed conflict of interest by petitioner’s counsel which disqualifies the firm of Spain and Spain, P.C. from representing petitioner. The assertion that petitioner’s counsel also serve as “members/chairs” of the Conservative Party Law Committee is predicated on nothing more than counsel’s statement “upon information and belief” as to petitioner’s counsel’s association with the Party Law Committee. Thorpe’s counsel has set forth neither the information nor the source of the information upon which he relies for that statement. Thus, the assertion of a potential conflict is unsupported.
Even if one were to conclude, based on the inclusion of Mr. Spain’s name and signature on various copies of the Rules submitted, that he, in fact, represents the Conservative Party, no conflict exists for it is the Conservative Party’s interests which are being advanced by Anderson. That this is so cannot seriously be contested given that Maxwell, the County Chair, has ratified and supports Anderson’s challenge to the nominating petition.
Next, the court rejects Thorpe’s contention that Anderson is disqualified from bringing this petition because of his status as Party Chairman. Election Law § 16-102 is inapplicable to the instant matter since this proceeding does not involve a chairman challenging an otherwise proper nominating petition. As discussed above, it is clear that the proper method for nominating a candidate for Town Justice in the Town of Philipstown is by caucus, not nominating petition. The Party Chairman cannot be precluded from defending the integrity of his own party’s rules. Thorpe’s assertion that Election Law § 16-102 acts to bar a party leader from ensuring that the Party Rules are followed is, simply put, a tortured analysis that does not survive scrutiny. Hence, the court determines that Anderson has standing to bring the proceeding.
Thorpe’s contention that the “essence of this case is an attempt by [Anderson] to invalidate a designating petition by application of the [Party Rules]” is incorrect. In reality, the essence of this case is Anderson’s effort to ensure that the Party Rules, which do not authorize designating petitions for the position of Town Justice but rather require a caucus, are followed.
*254 The cases cited by Thorpe are almost universally inapposite or inapplicable to these proceedings. To a one, the cases cited involve challenges filed by party chairpersons to petitions filed in connections with primary elections. Designating petitions are required for primary elections, not caucuses. As such, these cases are neither controlling nor informative. (See Matter of D’Alvia v DiGiacomo, 175 AD2d 891 [2d Dept 1991]; Matter of Crawley v Board of Elections of County of Rensselaer, 218 AD2d 914 [3d Dept 1995]; Matter of Axelrod v Reda, 120 AD3d 671 [2d Dept 2014]; Matter of Maltese v Anderson, 264 AD2d 457 [2d Dept 1999]; O’Neill v Board of Elections of St. Lawrence County, 48 NY2d 673 [1979].)
Rather, Occhipinti is directly on point and controlling, as it involves an action emanating from a caucus. (See also Matter of Scanlan v Turco, 264 AD2d 863 [3d Dept 1999].) In Occhip-inti, the Appellate Division affirmed the decision and order of Supreme Court which determined that the petitioner, a party chair, had standing to commence a proceeding to challenge the failure to comply with proper nominating procedures. “Contrary to the appellants’ contention, because this proceeding concerns a caucus, rather than a primary election, the petitioner was not deprived of standing based upon his status as the Chairperson of the [party] under Election Law § 16-102.” {Occhipinti at 675-676.)
Third, the court finds that the failure to name the Conservative Party in the proceeding was not required since Anderson is acting for the party. Furthermore, even if the Conservative Party was a necessary party, its Chairman, Maxwell, has consented to the jurisdiction of the court and has agreed to be bound by its determinations as permitted by CPLR 1001 (b).
Finally, Thorpe’s contention that Anderson has failed to state a claim upon which relief can be granted because he has not demonstrated that the Party Rules were actually filed with the Board of Elections is unpersuasive. While both Anderson and Maxwell have attested that the Rules provide for nomination by caucus, and have been in effect for a long period of time, Thorpe has submitted no evidence to suggest otherwise. Only her attorney’s conclusory statements about the absence of a date or time stamp have been suggested to support that claim. No evidence in admissible form has been provided to support the contention that the Rules were not properly filed. Thorpe has not submitted the results of a search of the Board of Elections records to confirm that they were or were not filed. By *255 contrast, Anderson and Maxwell have each averred that the Rules are the operative guidelines under which the Conservative Party acts.
Conclusion
Anderson’s petition is granted in all respects. The Board’s decision denying the objections is nullified and set aside, and the designating petition purporting to nominate Thorpe as the candidate of the Conservative Party for the position of Town Justice in the Town of Philipstown, New York is declared to be invalid, null, void and without effect. The Board is hereby enjoined, restrained and prohibited from printing, distributing, or employing any ballots on which Thorpe’s name appears as the Conservative Party candidate for Town Justice in the Town of Philipstown, New York.[11]
The additional relief sought by Anderson in his “reply,” costs, sanctions and attorney’s fees are denied.
The request by the County Attorney to strike the personal attacks against Scannapieco is granted to the extent that the court has not considered these irrelevancies in reaching its determination. The papers submitted remain as part of the appellate record.
All other arguments made have been considered and found to be without merit or not worthy of comment.

. Petitioner’s counsel used green colored sheets to identify exhibits. Counsel is urged to utilize external tabs for exhibits as required by the Individual Part Rules of Justice Paul I. Marx, Putnam County. Simply put, color notwithstanding, it is unfair to the court and court staff to have to search through hundreds of pieces of paper to find yet another piece of paper marked as “Exhibit.”

. The affidavit, waiver and consent sire notarized July (sic) 8, 2016. The court construes this to be an error of no consequence. Clearly, the application was not pending on July 8, 2016.

. Thorpe’s counsel also submitted an email on August 8, 2016 in which he made additional arguments directed at Anderson’s reply. He requested leave to submit a surreply. Notably, although the proposed answer he submitted in behalf of Thorpe was not verified, counsel complained that Anderson’s papers should be rejected because they are verified only by Anderson’s counsel. In light of the deadline set by the Appellate Division for decisions in Election Law cases, and given that Thorpe’s own papers were permitted to be served beyond the date set by Justice Grossman, the court declines to reject Anderson’s reply papers. Leave to submit further surreply papers on this ground is denied. The email has been read and considered. The arguments have been found unpersuasive.

. Where there is a split decision by the Board, an objection is denied.

. An affidavit of service was timely filed indicating that service had been completed as directed.

. The court declines to consider the additional relief sought as unwarranted and impermissible. The court also denies the request since it was sought for the first time in petitioner’s “reply” to the Board’s no opposition. One cannot seek additional relief from a party who has not appeared by serving a “reply” to an affirmation which does not oppose a petition. The court opts to ignore the allegations of impropriety leveled against Scannapieco as irrevelant to the application.

. Even if it had been sent to the other parties, the request would have been denied since the Appellate Division has directed that all Election Law matters are to be decided by August 10, 2016, in order that it may hear appeals filed in such matters on August 16, 2016.

. Both Commissioners, Ms. Croft and Mr. Scannapieco, were present, as was Thorpe.

. Ciampoli contended that his failure to submit opposition papers timely was due to an inability to obtain copies of the moving papers from his client in time to comply with the briefing schedule set by the court. This excuse is thin gruel given the ready availability of fax machines and email. Indeed, (n. cont’d) *247 Ciampoli readily agreed to serve his opposition papers by email, thus indicating his ready access to such devices. He did not explain why his request for an adjournment came after the time to submit opposition papers had already expired.

. Ironically, this is the very objection made by Thorpe to Anderson’s reply. (See n 3 above.)

. Of course, if Thorpe is nominated at a properly called and conducted caucus held by the Conservative Party, she may appear on the ballot as the Conservative Party candidate.